IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASEY CHESTER ROBERTS,<br><br>Defendant. | MEMORDANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR REVIEW OF DETENTION<br><br><br>Case No. 2:15-CR-161 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Review of Detention.  The Court held a hearing on the Motion on June 30, 2015.  For the reasons set forth below, the Court will grant the Motion and order Defendant be released from detention pending trial.

## I.  BACKGROUND

Defendant Casey Chester Roberts is charged with unlawful possession of a firearm, possession of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime.  Defendant was arrested at his home in Benson, Arizona and appeared before Magistrate Judge Jacqueline M. Rateau in the District of Arizona for Rule 5 proceedings.  Judge Rateau ordered Defendant detained pending trial.  Defendant filed the instant Motion on June 25, 2015, seeking review of his detention order.

## II.  LEGAL STANDARD

The Court considers Defendant's request for a review of the Magistrate Judge's order detaining the defendant under 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[1]  The Court

---

[1] "Any party is entitled to appeal a magistrate judge's order releasing or detaining

conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[2]  In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[3]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142.  Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[4]

In certain cases, however, the presumption shifts.  Section 3142(e)(3)(A)-(B) dictates that,

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . [or] (B) an offense under section 924(c) . . . .

In this case, Defendant is charged with both an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act (Count II)

---

a defendant . . . ."

[2]DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*,  328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of §3145 is de novo).

[3]*Lutz*, 207 F. Supp. 2d at 1251.

[4]18 U.S.C. § 3142(b), (c), and (e).

and an offense under 18 U.S.C. § 924(c) (Count III).  The grand jury indictment is sufficient to

establish the finding of probable cause under § 3142(e)(3).[5]  Thus, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.  The defendant's burden of production is not heavy, but some evidence must be produced.  Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[6]

As stated, the burden of persuasion remains with the government.  The government must

prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any

other person or to the community by clear and convincing evidence.[7]  To determine whether

there are conditions of release that will reasonably assure the appearance of Defendant and the

safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[8]

---

[5]*United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[6]*Id*. at 1354−55.

[7]*Cisneros*, 328 F.3d at 616.

[8]18 U.S.C. § 3142(g).

III.     DISCUSSION

The Court will consider these factors in turn.  First, the Court considers the nature and circumstances of the offense involved.  The charges against the Defendant are serious, involving possession of methamphetamine with intent to distribute and the possession of a firearm in furtherance of a drug trafficking crime.  Second, the Court considers the weight of the evidence against the Defendant.  At the hearing on the Motion, the government indicated that the evidence against the defendant is strong, as statements of culpability were made by the Defendant.  Third, the Court considers the history and characteristics of the Defendant.  Though the Defendant has a substantial criminal history, it is significantly old.  Furthermore, Defendant has demonstrated that he is not a flight-risk by his efforts to maintain contact with his attorney and his proven willingness to appear at state-court proceedings following his arrest.

As stated above, the burden of persuasion remains with the government.  In light of the above considerations, the Court cannot find that the government has met its burden by clear and convincing evidence that the Defendant is a danger to the community.  Though it is not insignificant that the Defendant possessed a firearm at the time of his arrest, other conditions such as his age, old criminal history, and conduct following arrest, prevent the Court from finding by clear and convincing evidence that the Defendant is a danger to the community.  Additionally, the government concedes that the Defendant is not at risk of flight.

IV.     CONCLUSION

It is therefore,

ORDERED that the Defendant be released from detention subject to Pretrial Services' approval of Defendant's living arrangements in Benson, Arizona.

ORDERED that Magistrate Judge Furse's order to transport Defendant to St. George no later than July 3, 2015, be countermanded. Defendant will remain at Weber County Jail until Pretrial Services approves Defendant's residence and he is released from custody.

The Defendant's release is subject to these conditions:

(1)  The defendant must not have any contact with the co-defendant.
(2)  The defendant must not violate federal, state or local law while on release.
(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.
(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.
(5)  The defendant shall immediately advise the Court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.
(6)  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.
(7)  The defendant shall actively seek and maintain employment.
(8)  The defendant shall report to Pretrial Services as directed.
(9)  The defendant shall not use alcohol at all.
(10) The defendant shall not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(11) The defendant shall comply with a curfew as directed by the probation office.
(12) The defendant shall avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.
(13) The defendant shall submit to location monitoring as directed by the Arizona Pretrial Services Office or supervising officer and comply with all of the program requirements and instructions provided.
(14) The defendant shall abide by restrictions on personal association, residence, or travel as imposed by Arizona Pretrial Services.

DATED this 6th day of July, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

5

**Advice of Penalties and Sanctions**

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness. victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may  be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1)      an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years of more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2)      an offense punishable by imprisonment for a tem of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)      any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both.

(4)      a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in additions to the sentence for any other offense.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.